**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>ARTURO FLORES,<br><br>   Defendant. | Case No.: 1:18-cv-01248-LJO-JLT<br><br>ORDER CONSOLIDATING THE ACTIONS |
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>ARTURO FLORES, et al.,<br><br>   Defendants. | Case No.: 1:18-cv-01249-AWI-JLT |

   On March 18, 2019, Arturo Flores moved to consolidate the above-entitled actions, noting that in both actions G & G Closed Circuit Events, LLC asserts the defendants wrongfully broadcast the "Gennady Golovkin v. Saul Alvarez IBF World Middleweight Championship Fight Program" at a venue located at 8331 Kern Canyon Road, Bakersfield, California. (Doc. 20; *see also* Doc. 1 at 4) Plaintiff indicated it does not oppose consolidation. (Doc. 23)

   Pursuant to Federal Rule of Civil Procedure 42(a), the Court may consolidate actions involving a common question of law or fact, and consolidation is proper when it serves the purposes of judicial

1

economy and convenience. The Ninth Circuit explained that the Court "has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. United States District Court for the Central District of California*, 877 F.2d 777 (9th Cir. 1989). In determining whether to consolidate actions, the Court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. *Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

As noted by Flores, Plaintiff's factual allegations in both Case No. 1:18-cv-01248-LJO-JLT and Case No. 1:18-cv-01249-AWI-JLT are based upon a single occurrence: an unlawful broadcast of a program at 8331 Kern Canyon Road in Bakersfield, California.[1] As a result, the actions involve the same questions of law and fact. The Court anticipates little risk of delay, confusion, or prejudice to the parties. In addition, consolidation of the actions would maximize the Court's resources. Consequently, consolidation is appropriate. *See Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008). Based upon the foregoing, the Court **ORDERS**:

1. Defendant's motion to consolidate (Doc. 20) is **GRANTED**;
2. These actions **SHALL** be consolidated for all purposes, including trial; and
3. The parties are instructed that all future filings **SHALL** identify **Case No. 18-cv-01248–LJO-JLT** as the case number.

IT IS SO ORDERED.

Dated: **April 25, 2019**                     **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] In Case No. 1:18-cv-01248-LJO-JLT, the location is identified as "Los Amigos Swapmeet a/k/a Los Amigos Management." In Case No. 1:18-cv-1248, the location is identified as "La Placita a/k/a La Plazita Barra." Nevertheless, the addresses are the same.